Curia, per Wardlaw, J.
In strictness the question of law presented by the suggestion and .demurrer thereto, is whether a writing which is on a separate sheet and not signed by the testator, can be part of a will which has been properly signed and attested. If the separate writing be in existence at the execution of the will, and be referred to by the will and described so that it may be known without mistake, it is incorporated into the will. Of this there is no doubt, and, therefore, according to exact pleading, the demurrer should be sustained.'
But the question upon which the opinion of the Court has been sought is this ; was there here sufficient proof of the execution of the first sheet to make it part of the will, supposing all the facts stated by the Ordinary to have been found by a special verdict? The first sheet was not signed by the testator, but was at his hand when he signed the other sheet, and was embraced in unequivocal acts of publication. It was not at *190 tached to the other sheet by any material ligament, but was collnected by the sense and the dependence of one part_upon 'the other, showing that both constituted one whole. There is no single circumstance to induce suspicion, and in all the circumstances distinct evidence of fairness.
The case of Pearson v. Wright contains an opinion of Judge Cheves, that the signing of both sheets by the testator, in such a case, is not requisite: but that opinion is said to be obiter dictum. In the case of Bond v. Seawell, two separate sheets not tied, pinned or otherwise attached to each other, were signed on every page by the testator, but only the last sheet was seen by two of the attesting witnesses, and upon it was the attestation. The Court was of opinion that if the first sheet was then in the room, it was included in the execution, and that the intention to include it being plain, the jury should be directed to presume that it was in the room.
One signing by the testator, and one attestation only, are required by the statute, and it has never been contended that where there are several sheets every one should be separately attested, but only that every one should be signed. His signing oí a sheet which is not attested, does not make it a will: it is a safe and prudent means of guarding against frauds, but in a question of execution under the statute, it serves only to indicate the intention of the testator to include that sheet in the execution, of which the formalities are written on another sheet. Any other distinct act, indicating the intention, would serve the same purpose, even as to a separate writing not incorporated into the will by references, if the separate writing be present, and the witnesses who attest can prove that it was a part of the general instrument which was signed and executed. In proportion as the identity of the separate paper and the intention to include it are otherwise manifested, may the memory of the witnesses be dispensed with. Where it is exactly described in the attested paper, the separate paper need not be at all known to the witnesses, or present at the time of execution. Where the separate writing is not described, but is strongly connected by sense, and is signed by the testator, the case of Bond v. Seaioell shows that it is sufficient if the edges of it were seen by the witnesses, and even if, although not at all seen by them, it was actually present.
Shall it, then, it is asked, depend upon the honesty and memory of the witnesses to decide what is the will 1 As to all those matters which were necessary to the validity of a will at common law, the statute has made no alteration, as for instance the competency of the testator, his freedom from restraint, his understanding of the contents, the reading of the will to him if he is blind, — and as to these a will, like any other instrument, must depend upon the testimony of *191 witnesses, sometimes of a single witness. The superadded requisites of the statute must be exactly complied with, but the compliance in each particular is a question of fact depending upon witnesses. In the question of attestation is involved the inquiry, what is attested? and that when the Avriting is all on one paper, no less than when it is on several papers. It is prudent to attach together in a firm manner beyond suspicion of unfairness, all the parts of a will or other instrument; and where there is ground for suspicion, or any unusual circumstance, the proof of intention to include both in the execution, and of actual conjunction of them in the act, should be clear to connect detached papers as one instrument. But if, where no unfairness can be suspected, and the union in the intention and act of the testator is manifest, a will must be defeated for want of some material connexion of different sheets which have not been separately signed by the testator, then the same result would follow if after execution, as in this case, on the last sheet, the testator should, himself, carefully bind the sheets together with tape and wax, and then sign his name on every page, all in the presence of the witnesses who had previously attested the last sheet whilst it was detached; for neither testator nor witnesses can, after the execution, incorporate into a will any thing which was not in it at the execution, without a renewal of the requisite formalities. By some possible freak or accident, separate devises and bequests, unconnected by reference or otherwise, might be written on separate slips of paper, and all being present and included in the intention and act of execution, be presented as a single will; and it might be hard for any witness to say which of these slips was and which was not included in the execution. The prudence of either witness or testator would prevent such a case. On the other hand cases may be imagined of a sheet Avhich was pinned or otherwise attached to the attested sheet being detached — of a sheet which was signed, being in whole or in part abstracted or altered; of sheets which Avere signed, but afterwards rejected and not intended to constitute part of the will, being at hand when other sheets were executed. Frauds may be perpetrated, and the memory of witnesses must be invoked, whatever rules may be adopted. All such' cases only present questions of fact. We cannot add to the requisites of the statute, by requiring indispensably that each sheet of a will, that as a whole has been properly executed, shall be either signed by the testator, tied to the paper upon which the attestation is written, or authenticated by any other formality which the statute has not presented.
The motion is dismissed.
Ric.hab.dson, O’Neall, Evans and Frost, JJ. concurred.

Motion refused.